UNITED STATES FIDELITY & GUARANTY COMPANY *v.* WALKER.
4-3620

AND

REECE & ETHERIDGE *v.* WALKER.
4-3666

Opinion delivered December 3, 1934.

*Duty & Duty,* for appellants.
*John W. Nance,* for appellee.

McHANEY, J. The above appeals have been consolidated for trial in this court, and both grow out of the following state of facts: Appellee is a citizen and resident of Benton County, Arkansas, and is a motor truck operator in the employ of J. R. Beaver. He brought this action against appellants, Reece & Etheridge, in the Benton Circuit Court, for personal injuries which he alleged he sustained when struck by a truck owned and operated by said appellants, near the city of Diamond, Missouri, it being further alleged that said appellants are non-residents, having their domicile in the city of

Stillwell, in the State of Oklahoma, and are engaged in the operation of motor trucks in and out of that State. At the time of filing his complaint he caused a summons to be issued against said appellants, but same was never served on them. At the same time he filed an affidavit and bond for attachment, which writ was duly issued on the same day, September 1, 1933, and on January 22, 1934, the sheriff levied the writ by delivering a copy thereof to Alvey Anglin, as agent for said appellants, and by tacking a copy on a pile of cross ties consisting of 2,685 black oak and 1,486 white oak ties in Benton County. One week later said appellants executed and filed with the clerk of the Benton Circuit Court their forthcoming bond, with the appellant, United States Fidelity & Guaranty Company, as surety, in which they undertook to pay the defendant, appellee, "such sums of money not exceeding two thousand ($2,000) dollars, as may be adjudged to him in this action, or that the railroad ties attached herein shall be forthcoming, and subject to the orders of the court, for the satisfaction of such judgment as may be rendered in this action whichever shall be directed by the court." Based on this forthcoming bond, the sheriff released the ties which had been attached by him. Thereafter on the 27th day of March, 1934, a default judgment was taken by the appellee against appellants, Reece & Etheridge, and a jury was impaneled by the court to assess the damages appellee had sustained, which they did in the sum of $1,791.66, upon which a judgment was rendered against Reece & Etheridge and also against the United States Fidelity & Guaranty Company as surety upon the forthcoming bond. Although no answer was filed and no summons was served upon Reece & Etheridge, and although no affidavit for warning order was filed or warning order issued or published for the time and in the manner prescribed by law, the trial court found and held that said appellants had entered their appearance by executing and filing said forthcoming bond which gave the court jurisdiction of the person of said appellants. From the judgment against them appellants have prosecuted separate appeals.

For a reversal of the judgment against them, appellants make two contentions: The first is that the court erred in rendering judgment and in sustaining the attachment in that the attachment and judgment rendered thereon are void and of no effect. The second is that the order of attachment bears the seal of the chancery court and not the seal of the circuit court, the court out of which it was issued, and that the court erred in rendering judgment thereon for this reason.

We cannot sustain either contention. Appellants, Reece & Etheridge, entered their general appearance in the action by filing said forthcoming bond. The statute, § 527, Crawford & Moses' Digest, so provides. It reads as follows: "In an action where an attachment has been granted, the execution by or for the defendant of a bond whereby the attachment is discharged or the possession of the attached property is retained by him shall be an appearance of such defendant in the action."

But appellants say that no attachment had been lawfully issued because at the time of the filing of the complaint and the issuance of the writ of attachment, no affidavit for warning order had been filed and none issued, and therefore that no action had been begun against appellants. We think it unnecessary to discuss or decide this question because, whether a technical action under the statute had been begun or not, a complaint had been filed, summons and order of attachment issued and the order of attachment levied, and thereupon appellants entered their appearance in the action by executing the forthcoming bond. This would be true whether any summons or warning order had been issued. A defendant may enter his appearance in a suit without the issuance and service of a summons. Had appellants so desired, they might have appeared specially and moved to quash the attachment. But, when they executed and filed the forthcoming bond, they stipulated therein to pay any judgment appellee might get in the action up to $2,000, or that the ties attached would be forthcoming, "subject to the orders of the court, for the satisfaction of such judgment as may be rendered in this action, whichever shall be directed by the court." Appellants

therefore waived the jurisdiction of the court and waived any irregularity in the form of the writ of attachment, such as it being sealed with the seal of the wrong court.

There being no bill of exceptions and no error appearing upon the face of the record, the judgment must be affirmed. It is so ordered.